UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRITTANY STACEY** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 08-53-RET-DLD** |
| **MUHAMMED SALEH AND CASA LA VIDA** | |

### MAGISTRATE JUDGE'S REPORT

This matter comes before the Court on plaintiff's motion to remand (rec. doc. 3), which is opposed (rec. doc. 4). The question for decision is whether the state court petition presents a federal civil rights claim under 42 U.S.C. §2000e thereby making the state court suit removable on the basis of federal question jurisdiction, 28 U.S.C. §1331.

**Factual Background**

In October 2007, plaintiff was employed as a waitress by Casa La Vida Restaurant and worked under the supervision of defendant, Muhammed Saleh (rec. doc. 1). Plaintiff alleges that she was sexually harassed and assaulted by Saleh after work on or about October 23, 2007. Plaintiff filed suit against Saleh and Casa La Vida in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for damages arising from the sexual assault. Defendants immediately removed plaintiff's petition to this Court based on federal question jurisdiction.

Plaintiff's state court petition seeks relief from defendant, Saleh, for sexual battery, sexual harassment, and sexual assault based on several acts including, but not limited to, "(D) Violation of the Civil Rights of the plaintiff as outlined in Title VII of the Civil Rights Act of 1964, at 42 U.S.C. §2000e" (rec. doc. 1, IV-A). Plaintiff's state court petition alleges that the Casa La Vida Restaurant is at fault in this matter and is vicariously liable for the acts

and/or omissions of defendant, Saleh, pursuant to the doctrine of *respondeat superior,* and for its own acts and omissions, including, but not limited to, "(D) Violation of the Civil Rights of the plaintiff as outlined in Title VII of the Civil Rights Act of 1964, at 42 U.S.C. §2000e." Id., at IV-C.  Finally, plaintiff seeks all damages "as allowed by Louisiana Law and Federal Civil Rights Laws." Id, at V-C.

**Discussion**

Whether a case is removable upon the basis of federal question jurisdiction is to be determined by the allegations of plaintiff's "well-pleaded complaint" as of the time of removal.  See,e.g.,*Medina v. Ramsey Steel Co., Inc.,* 238 F.3d 674, 680 (5th Cir. 2001); *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995).  Plaintiff is the master of his complaint.  *Id.*  Accordingly, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if plaintiff elects in the state court petition to proceed exclusively under state law.  *Avitts,* 53 F.3d at 693.

Louisiana adopts a fact pleading system, where a plaintiff is allowed to recover under whatever legal theory is appropriate based on the facts pleaded.  *Perkins v. Scaffolding Rental & Erection Service, Inc.*, 568 So.2d 549, 553 (La. 1990).  Plaintiff alleges specific facts in her petition that her supervisor, Saleh, sexually harassed and assaulted her.  Plaintiff further alleges that defendants have violated her civil rights "as outlined in Title VII of the Civil Rights Act of 1964, at 42 U.S.C. §2000e" and seeks damages under the "Federal Civil Rights Laws" (rec. doc. 1).  Under Louisiana's fact pleading system, these allegations are sufficient to state a claim for relief under federal as well as state law, especially when coupled with a claim for relief for damages under the "Federal Civil Rights Laws."

Plaintiff's post-removal representations to the Court that the references to Title VII statutes in the petition were made in connection with plaintiff's claim for sexual harassment and for "definition and scope purposes only" is of no moment in this case (rec. doc. 3-2). Jurisdiction is determined by referring to the state court petition as of the time that the petition for removal was filed. *E.g., Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). In this case, the state court petition filed by plaintiff does not reflect an exclusive reliance on Louisiana state law and, therefore, was properly removed to this Court.[1] As the master of her complaint(petition), plaintiff could have elected to proceed exclusively under state law in her petition. She simply did not do so in the petition filed in state court in this matter.

### Conclusion

Based on the foregoing, it is recommended that plaintiff's motion to remand (rec. doc. 3) should be **DENIED.**

Signed in Baton Rouge, Louisiana, on April 15, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] Plaintiff conceivably may be able to secure a remand of this case by eliminating the federal claims, which would leave only pendent state law claims before the federal district court. *See Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250, 1254-1255 (5th Cir. 1990). In light of the fact that defendants already have answered here, plaintiff can secure a voluntary dismissal of the federal claims only by a stipulation signed by all parties or by order of the court. *See* Fed.R.Civ.Pro. 41(a). In this case, it is highly unlikely that the Court would entertain anything other than a "with prejudice" dismissal of the federal claims, one that is made final and binding under Rule 54(b). After that, a remand of the remaining pendent state law claims would be a matter addressed to the discretion of the court. *See Brown*, 901 F.2d at 1254-55.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BRITTANY STACEY | CIVIL ACTION |
| VERSUS | NUMBER 08-53-RET-DLD |
| MUHAMMED SALEH AND CASA LA VIDA | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 15, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**